FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

2011 OCT 26 P 1:04

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| LAUREL BUEL, <br> MILTON BUEL <br><br> Plaintiffs, <br><br> v. <br><br> FRIEDMAN & MACFADYEN, P.A., <br> F & M SERVICES, L.C., <br> JOHNIE R. MUNCY <br><br> Defendants. | Civil Action No. 3:11cv716 <br> JRS |

## INTRODUCTION

COME NOW the Plaintiffs, Laurel Buel and Milton Buel, by counsel, and as for their Complaint against the Defendants, they allege as follows:

1. This is an action seeking damages arising from Defendants' unlawful collection of a delinquent home mortgage debt allegedly owed by Plaintiffs. Plaintiffs allege that Defendants, a debt collection law firm and the purported substitute trustees under the Deed of Trust engaged in numerous violations of federal law in that they: 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on Plaintiffs' home, and 3) failed to identify the name(s) of the creditor(s) to whom the alleged debt was owed, all in violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Plaintiffs further allege that, to the extent that any of the named Defendants were validly and properly appointed as Substitute Trustees, such

Defendants breached their fiduciary duties as trustees under the Deed of Trust by acting in a manner that conflicted with the interests of Plaintiffs, failing to undertake necessary actions regarding the alleged foreclosure sale and notice of the alleged foreclosure sale as required under the Deed of Trust and by law, and by exceeding the scope of their authority. Furthermore, Plaintiffs allege that Defendants acted fraudulently in that they knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on their home in their efforts to rush them through the foreclosure process. The Defendants each receive monetary benefit from doing so, including, but not limited to, incentive payments from the alleged mortgage servicers for the speed with which they are able to conduct foreclosures in some cases. The Defendants are rated and audited to ensure that they carry out sales within timing parameters set forth in their contracts with mortgage servicing entities and/or investors. Finally, Plaintiffs allege that Defendants engaged in a civil conspiracy to violate Virginia and Federal law.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1367 and 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiffs Laurel and Milton Buel (hereafter "Plaintiffs") are natural persons and each is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Friedman & MacFadyen, P.A. (hereafter "Friedman and MacFadyen") is a law firm with offices in Maryland, Virginia, and Washington D.C., the principal

purpose of whose business is the collection of debts, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

5. Defendant F & M Services, L.C. (hereafter "F & M Services") is a limited liability company, the principal purpose of whose business is the collection of debts and who purported to be a Substitute Trustee, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

6. Defendant Johnie R. Muncy (hereafter "Muncy") is an attorney employed by Friedman & MacFadyen, P.A. who purported to be a Substitute Trustee.

7. Defendants regularly collect or attempt to collect debts owed or due another or alleged to be owed or due another, and are each a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. Plaintiffs, as co-mortgagors, obtained a mortgage for their home, as evidenced by a promissory note (hereafter the "Note").

9. The Note was secured by a deed of trust (hereafter the "Deed of Trust") and recorded in the Clerk's office of the Westmoreland County Circuit Court.

### *Defendants Are Debt Collectors*

10. Defendant Friedman and MacFadyen is a law firm whose practice is focused on the collection of debts.

11. Defendant Friedman and MacFadyen advertises that it provides loss mitigation, bankruptcy, and foreclosure services to creditors.[1]

---

[1] *See* http://www.fmlaw.com/fmlaw.html

3

12. Defendant F & M Services is a company specializing in the collection of debts and the foreclosure of properties for which it purports to be a substitute trustee.

13. Defendants regularly collect home loan debts.

14. Defendants regularly demand payment from consumers of alleged arrearages and also provide to consumers reinstatement quotes and itemizations of amounts they are attempting to collect.

15. Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector.

16. Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers, and they state that they are doing so.

***Defendants Are "Appointed" to Collect a Debt***

17. Defendants sent various correspondences to the Plaintiffs in an attempt to collect the alleged debt and further threatened that if the amounts they demanded were not paid in full, they would conduct an alleged foreclosure sale.

18. The subject line of the correspondences to Plaintiffs was styled as if a lawsuit was to be or had already been filed. However, none of the Defendants ever filed a lawsuit or intended to file a lawsuit against Plaintiffs.

19. For example, the letters sent to Plaintiffs were styled "Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp. v. Milton S. Buel and Laura [sic] B. Buel."

20. Furthermore, in Defendants' correspondences to Plaintiffs, they stated "upon receipt of the necessary funds, Friedman and MacFadyen, P.A. will take appropriate action to obtain a dismissal of the action."

21. The letters to the Plaintiffs also stated that "Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp." was the current Noteholder and/or servicer, and had appointed the undersigned, Defendants Friedman and MacFadyen and Muncy, as trustees for the purpose of foreclosing on the deed of trust. However, no alleged substitute trustee document appears to exist, nor was one recorded in the Westmoreland County Circuit Court.

22. The correspondences further stated that the Defendants did not have the original Note in their possession, but the Lender had informed them that the original Note would be forwarded to them. Upon information and belief, this statement was false.

23. Defendants' letters also included one or both of the following notices:

> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> THIS IS A COMMUNICATION FROM A DEBT COLLECTOR THIS FIRM IS A DEBT COLLECTOR.

24. The Defendants sent to Plaintiffs three letters within the span of one month providing an accounting of the current balance that Defendants claimed was due in order to prevent a foreclosure from taking place. However, these three accounting statements contained conflicting information related to certain costs, fees, and interest that were charged to the Plaintiffs.

25. By means of example only and not as limitation, on the first statement the interest accrued beginning on February 1, 2009. However, in the last two statements, the

5

interest accrued beginning on January 1, 2009. One or both of these statements were false.

26. Additionally, by means of example only and not as limitation, in the last two statements provided by Defendants that were sent to Plaintiffs two days apart and for the same loan, one statement alleged that the "Current Foreclosure Attorney/Trustee Fees and Costs" was $2,881.59 while on the other statement (for the same loan), it was $875.59. One or both of these statements was false.

27. At least one notice of the alleged foreclosure sale was advertised in a newspaper and stated that Defendants Muncy and F & M Services were the Substitute Trustees.

28. At no time did the alleged Substitute Trustees, Defendants F & M Services and/or Muncy, actually provide the requisite notice of the foreclosure sale in a manner that complied with Virginia law.

29. Furthermore, upon information and belief, the alleged Substitute Trustees maintain a financial interest in Defendant Friedman and MacFadyen as well as F & M Services, a company that consists of many of the same persons employed by Friedman and MacFadyen, and thus none of these entities and/or persons is an impartial or neutral "substitute trustee."

30. In fact, Defendant Muncy has consistently maintained in the related *Goodrow* matter that he and the law firm that he works for each have an attorney-client relationship with every possible entity involved – the supposed investors, noteholders and servicers – on the loans that he ultimately attempts to foreclose upon, and has refused to answer questions regarding his interactions with those entities at a deposition, citing the attorney-client privilege as the basis for not disclosing such information:

6

```
 9    Q   Okay. At the time you sent this letter,
10   what evidence of the indebtedness did you have?
11    A   We had the information contained in the
12   referral, not limited to this header document that you
13   have gone through, Exhibit 3.
14    Q   What other information did you have in the
15   referral?
16        MR. BIONDI: I'm going to object to
17   attorney/client privilege. The referral would include
18   instructions and requests for advice from a client to
19   Mr. Muncy or lawyers in his firm.
20        MS. KELLY: So you're instructing him not
21   to answer obviously?
22        MR. BIONDI: Yes.
23        MS. KELLY: Just to clarify, are you
24   instructing Mr. Muncy not to answer regarding anything
25   else that may be in the referral documents?

 1        MR. BIONDI: You had asked what other
 2   information was communicated to Mr. Muncy, who's the
 3   attorney at Friedman & MacFadyen, by the clients,
 4   which is Met Life Home Loans.
 5        MS. KELLY: In the referral.
 6        MR. BIONDI: In the referral, which I
 7   don't know what could be in there, whether there's
 8   going to be advice, request for advice, instructions.
 9   Those matters are reasonably to be anticipation of
10   litigation at this point. I'm sorry. Take that back.
11   Not litigation. But it's definitely part of the
12   attorney/client relationship and the purpose of the
13   representation conducting the foreclosure.
```

---

```
16    Q   What instructions did you receive from
17   First Horizon regarding Mr. Goodrow's mortgage loan?
18        MR. BIONDI: Don't answer that question.
19   Attorney/client privilege.
21    Q   Did you communicate with First Horizon to
22   verify that they were the noteholder of Mr. Goodrow's
23   mortgage loan?
24        MR. BIONDI: Wait a minute. Same
25   objection.
 1   BY MS. KELLY:
 2    Q   Did you communicate with Met Life at all
 3   to verify who the noteholder was regarding
 4   Mr. Goodrow's mortgage loan?
```

```
 5       MR. BIONDI: I think I have the same
 6   objection. You're trying to avoid the substance, but
 7   you're trying to substitute the substance into the
 8   question and then asking the question.
10       Q  Did you communicate with Fannie Mae
11   regarding their investment in Mr. Goodrow's mortgage
12   loan?
13       MR. BIONDI: I object. Attorney/client
14   privilege.
16       Q  Did you communicate with Fannie Mae at all
17   regarding their ownership interest in Mr. Goodrow's
18   mortgage loan?
19       MR. BIONDI: Same objection.
```

31. Plaintiffs ultimately paid $111,800.30 to Defendants.

## Count I: Violations of the FDCPA, 15 U.S.C. § 1692g(a)(2)

32. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2) by their actions, which include, but are not limited to, failing to disclose to Plaintiffs the creditor to whom the debt was owed within five days after their initial communication with Plaintiffs.

34. As a result, Plaintiffs are therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA, 15 U.S.C. § 1692e(2)(A)

35. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

36. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by their actions, which include, but are not limited to, the false representation of the character, amount or legal status of any debt.

37. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692e(2)(B)

38. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

39. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by their actions, which include, but are not limited to, the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

40. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692e(5)

41. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

42. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by their actions, which include, but are not limited to, the threat to take any action that cannot legally be taken or that is not intended to be taken.

43. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692e(10)

44. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include, but are not limited to, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count VI: Violations of the FDCPA, 15 U.S.C. § 1692f(1)

47. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

48. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law.

49. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count VII: Violations of the FDCPA, 15 U.S.C. § 1692f(6)(A)

50. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

51. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)(A) by their actions, which include, but are not limited to, taking or threatening to take any non-judicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

52. As a result, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count VIII: Trustees' Breach of Fiduciary Duties

53. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

54. Plaintiffs allege a cause of action for Defendants' breach of their fiduciary duties.

55. To the extent that they were properly appointed as trustees, Defendants were the fiduciaries for both the Plaintiffs and the Noteholder, thus owing fiduciary duties to all parties.

56. Defendants breached their fiduciary duties by knowingly failing to act impartially, failing to undertake necessary actions regarding the foreclosure sale and notice of the foreclosure sale, and exceeding the scope of their authority.

57. As a result, Plaintiffs suffered injury and are entitled to recover actual damages and costs against Defendants.

58. Additionally, because Defendants' actions were willful, Plaintiffs are entitled to recover punitive damages for such amount as the trier of fact may determine.

### Count IX: Fraud

59. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

60. Plaintiffs allege a cause of action for actual and/or constructive fraud under the common law of the Commonwealth of Virginia.

61. In their correspondences to Plaintiffs, Defendants made one or more material misrepresentations, including but not limited to, that Defendant Friedman and MacFadyen was an appointed substitute trustee.

62. In their alleged advertisements of the foreclosure sale of Plaintiffs' home, Defendants made one or more material misrepresentations, including but not limited to, that Defendants F & M Services and Muncy were each an appointed substitute trustee.

63. In their correspondences to Plaintiffs, Defendants made one or more material misrepresentations, including but not limited to, that they had knowledge that "Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corp." was the current Noteholder of Plaintiffs' mortgage.

64. In their correspondences to Plaintiffs, Defendants made one or more material misrepresentations, including but not limited to, that the accounting statements they provided for the balance that Plaintiffs allegedly owed on the mortgage were a true and accurate accounting.

65. Defendants intentionally made these misrepresentations to Plaintiffs with intent to mislead them into believing these representations were true, and Plaintiffs relied on such misrepresentations to their detriment.

66. As a result of Defendants' misrepresentations, Plaintiffs suffered injury and are entitled to recover actual damages and costs against Defendants.

67. Plaintiffs also suffered substantial unliquidated and noneconomic damages for the damage to their reputation, loss of their time and their ongoing emotional distress over the potential loss of their home.

68. Additionally, because Defendants' actions were willful and with knowledge of their untruthfulness or with conscious disregard for Plaintiffs' rights, Plaintiffs are entitled to recover punitive damages for such amount as the trier of fact may determine.

### Count X: Civil Conspiracy

69. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Plaintiffs allege a cause of action against Defendants for civil conspiracy under the common law of the Commonwealth of Virginia.

71. Defendants, separate entities and/or persons, accomplished, through concerted action and a preconceived plan and unity of design and purpose, actions including but not limited to, the attempted and actual collection of an alleged debt and/or the attempted unauthorized foreclosure of Plaintiffs' property in violation of Virginia and Federal law.

72. The unlawful purpose was to use false statements – ones that the Defendants knew were false when made – and to proceed in the collection of a debt and attempted foreclosure that Defendants knew were not in compliance with the law.

73. As a result of Defendants' conduct in furtherance of the conspiracy, Plaintiffs suffered injury and are entitled to recover damages including, but not limited to, actual damages and costs against Defendants.

74. Plaintiffs also suffered substantial unliquidated and noneconomic damages in the form of damage to their reputation, loss of their time and their ongoing emotional distress over the potential loss of their home.

75. Furthermore, Defendants conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiffs. Plaintiffs are therefore entitled to, and each Defendant is obligated to pay, punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

1. Award Plaintiffs actual damages;
2. Award Plaintiffs statutory damages;
3. Award Plaintiffs punitive damages;
4. Award Plaintiffs reasonable attorney's fees;
5. Award Plaintiffs costs;
6. Such other relief the court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS**

By _____
Of Counsel

Matthew J. Erausquin, VSB# 65434
Leonard A. Bennett, VSB# 37523
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
lenbennett@clalegal.com

Dale W. Pittman, VSB# 15673
*Counsel for the Plaintiff*
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel: (804) 861-6000
Fax: (804) 861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, VSB# 72791
*Counsel for the Plaintiff*
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Tel: (703) 277-9774
Fax: (703) 591-9285
kkelly@siplfirm.com