**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

LAUREL BUEL, et al.                    )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )        Civil Action No. 3:11cv716
                                       )
FRIEDMAN & MACFADYEN, P.A.,            )
et al.,                                )
                                       )
            Defendants.    )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

The defendants Friedman & MacFadyen, P.A. (the "Firm"), F&M Services, LC (the

"Trustee Firm") and Johnie Muncy ("Mr. Muncy" and, together with the Firm and Trustee Firm,

"Defendants"), by counsel, as and for their Answer and Affirmative Defenses (the "Answer") to

the complaint (the "Complaint") filed by the plaintiffs Laurel Buel and Milton Buel ("Plaintiffs")

state the following.

### A.
### ANSWER

1.      Whenever in this Answer Defendants state that they are unable to either admit or

deny an allegation, whether by reason of lack of knowledge and/or information or otherwise,

such shall constitute a denial of such allegation and a demand for strict proof of it.

2.      The allegations of Paragraph 1 of the Complaint state legal conclusions to which

no responses are required, and so Defendants neither admit nor deny such allegations.

3.      The allegations of Paragraph 2 of the Complaint state legal conclusions to which

no responses are required, and so Defendants neither admit nor deny such allegations.

4.      Defendants are without sufficient personal knowledge to either admit or deny the

allegations of Paragraph 3 of the Complaint.

5.      The allegations of Paragraph 4 of the Complaint are admitted in part and denied in part.  The Firm is a law firm organized as a professional association doing business in Maryland and Virginia.  It is admitted that the Firm has a large creditors' rights practice, but it is a law firm, and its practice was not limited to collections.  Any other allegation or inference made in Paragraph 4 of the Complaint is denied.

6.      In answer to the allegations of Paragraph 5 of the Complaint, Defendants admit that the Trustee Firm is a limited liability company with principal address as alleged, but denies that its principal purpose was the collection of debts; its primary purpose was to serve as a substitute trustee in the enforcement of secured interests in real estate.

7.      In answer to the allegations of Paragraph 6 of the Complaint, Defendants admit that Mr. Muncy is employed by the Firm, but they deny that he was a "purported" substitute trustee.

8.      Defendants deny the allegations of Paragraph 7 of the Complaint.

9.      Defendants are without sufficient personal knowledge to either admit or deny the allegations of Paragraph 8 of the Complaint.

10.     Defendants are without sufficient personal knowledge to either admit or deny the allegations of Paragraph 9 of the Complaint.

11.     Defendants admit in part and deny in part the allegations of Paragraph 10 of the Complaint.  They admit that, during its operation, a small part of the Firm's practice was the collection of debts, but the greater part of its practice was the enforcement of secured interests in real estate.  All other allegations not expressly admitted are denied.

12.     Defendants deny the allegations of Paragraph 11 of the Complaint.

13.     Defendants deny the allegations of Paragraph 12 of the Complaint.

14.     Defendants deny the allegations of Paragraph 13 of the Complaint.

15.     Defendants deny the allegations of Paragraph 14 of the Complaint.

16.     Defendants deny the allegations of Paragraph 15 of the Complaint.

17.     Defendants deny the allegations of Paragraph 16 of the Complaint.

18.     Defendants admit in part and deny in part the allegations of Paragraph 17 of the Complaint. Defendants admit that they sent letters to Plaintiffs advising of the delinquency of their mortgage debt and notices of the lender's intention to foreclose in the event the default was not cured. Defendants deny all other allegations and inferences of Paragraph 17 of the Complaint.

19.     Defendants deny the allegations of the first sentence of Paragraph 18 of the Complaint. Defendants admit the allegations of the second sentence of Paragraph 18 of the Complaint.

20.     In response to Paragraph 19 of the Complaint, Defendants admit that some of their letters contain the alleged language in the "re" line but they deny that all of their correspondence includes the alleged language. All other allegations and inferences of Paragraph 19 of the Complaint are denied.

21.     In response to Paragraph 20 of the Complaint, Defendants admit that one of their letters contains the alleged language. All other allegations and inferences of Paragraph 20 of the Complaint are denied.

22.     Defendants admit in part and deny in part the allegations of Paragraph 21 of the Complaint. They admit that they sent letters advising Plaintiffs of Mr. Muncy's substitution as trustee by the noteholder/servicer and that the Substitution of Trustees Deed was never filed, but they deny that the Substitution of Trustees Deed does not exist and further deny all other allegations and inferences of Paragraph 21 of the Complaint not expressly admitted.

23.     As the referenced letters are not made exhibits to the Complaint, Defendants are without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint, Defendants do not admit them, and they demand strict proof thereof.

24.     In response to Paragraph 23 of the Complaint, Defendants admit that some of their letters contain the alleged language.  All other allegations and inferences of Paragraph 23 of the Complaint are denied.

25.     As the referenced letters are not made exhibits to the Complaint, Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint, Defendants do not admit them, and they demand strict proof thereof.

26.     As the referenced letters are not made exhibits to the Complaint, Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint, Defendants do not admit them, and they demand strict proof thereof.

27.     As the referenced letters were not made exhibits to the Complaint, Defendants are without sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint, Defendants do not admit them, and they demand strict proof thereof.

28.     Defendants admit the allegations of Paragraph 27 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 28 of the Complaint and demand strict proof thereof.

30.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

33.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 32 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

36.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 35 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

39.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 38 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

42.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 41 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

45.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 44 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

48.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 47 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

51.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 50 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

54.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 53 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

56.     The allegations of Paragraph 55 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

57.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

60.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 59 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

70.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 69 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

77.     Any allegation of the Complaint not expressly admitted herein is denied.

Defendants deny all inferences that they acted unlawfully, violated any statute, or are responsible for the relief demanded.

## B.
## AFFIRMATIVE DEFENSES

78.     The Complaint fails to state claims upon which relief can be granted.

79.     Many of the claims made in the Complaint are barred by FDCPA's one-year statute of limitations.

80.     Plaintiff's inclusion of allegations regarding objections raised by counsel for Defendants in another case cannot plausibly support a cause of action in this case and violates Fed. R. Civ. P. 11 as lacking any legal basis.

81.     Defendants fall within an exception to the *Fair Debt Collection Practices Act* ("FDCPA") definition of debt collection, falling outside the application of that Act.  Particularly, Defendants were acting as bona fide fiduciaries in enforcement of a secured interest in real estate, having been substituted as trustees on the subject deed of trust.

82.     Any violations of the FDCPA by Defendants in connection with their substitution as trustees, which are expressly denied, were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

83.     Plaintiffs failed to mitigate any damages which they may have suffered.

84.     At all relevant times, Defendants acted in good faith reliance on the information provided by the servicer and creditor of the account at issue.

85.     Defendants sent pre-foreclosure notices in accordance with the express terms of the subject deed of trust and note, as well as the instructions of the loan servicer and lender.

86.     Defendants engaged in no conduct that harassed, oppressed or abused Plaintiffs.

87.     Defendants were properly substituted as trustees on the deed of trust and had authority to take steps toward foreclosure and to foreclose, if so instructed.

88.     Defendants made no misrepresentation or misleading statement during the course of their communication with Plaintiffs and Plaintiffs lack justifiable reliance and proximate damages elements of the alleged fraud claim.

89.     Claims for civil conspiracy fail due to the intracorporate immunity doctrine and the rule that an attorney and his client are not considered separate persons capable of conspiring.

90.     The misrepresentations alleged by Plaintiffs in the Complaint are not material and, therefore, cannot support a claim under the FDCPA or for fraud.

91.     Any alleged fiduciary duties owed by Defendants are limited to those required by the deed of trust, which were duly followed.

92.     Plaintiffs have suffered no actual damages.

93.     Plaintiffs elected to pay off the deed of trust note, acknowledging their indebtedness and obligations Defendants referenced in correspondence.

## C.
## RESERVATION

Defendants, by counsel, reserve the right to amend their Answer and Affirmative Defenses to add additional grounds as they may deem appropriate and/or as they may later become advised.

## D.
## CONCLUSION

WHEREFORE, Defendants request that this Court dismiss the Complaint and award such other and further relief as this Court deems just and proper.


DATED:   August 24, 2012                    Respectfully Submitted,

                                            FRIEDMAN & MACFADYEN, P.A.
                                            F&M SERVICES, LC
                                            And
                                            JOHNIE MUNCY

                                            By Counsel


_____/s/ Andrew Biondi_____
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB #35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of August, 2012, I served a true, complete, and accurate copy of the foregoing by electronic means through the electronic case filing system ("ECF") upon the following:

Leonard A. Bennett, Esq. VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
lenbennett@cox.net

Dale W. Pittman, Esq., VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
kkelly@siplfirm.com

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
matt@clalegal.com

      /s/ Andrew Biondi
Andrew Biondi (VSB # 48100)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email: abiondi@sandsanderson.com
*Counsel for Defendants*
