**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOHN K. GOODROW**,

        **Plaintiff,**

**v.**                                      **Civil Action No. 3:11-cv-020-MHL**

**FRIEDMAN & MACFADYEN, P.A.**,
 **et al.**,

        **Defendants.**

---

**LaTONYA BANKS**,

        **Plaintiff,**

**v.**                                      **Civil Action No. 3:11-cv-614-JRS**

**FRIEDMAN & MACFADYEN, P.A.**,
**et al.,**

        **Defendants.**

---

**ALLEN CHATTER,**

        **Plaintiff,**

**v.**                                      **Civil Action No. 3:11-cv-613-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**
**et al.,**
        **Defendants.**

---

**LAUREL BUEL, et al.,**

        **Plaintiffs,**

**v.**                                      **Civil Action No. 3:11-cv-716-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**
**et al.,**

Defendants.

_____

**MICHELE McBETH**,

        **Plaintiff,**

**v.**                                **Civil Action No. 3:11-cv -479-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**
**et al.,**

        **Defendants.**

_____

**ADAM MBUNDURE**,
**et al.,**

        **Plaintiff,**

**v.**                                **Civil Action No. 3:11-cv-489-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**

        **Defendants.**

_____

**JAMES SAN MATEO**,
**et al.,**

        **Plaintiff,**

**v.**                                **Civil Action No. 3:11-CV-840-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**

        **Defendants.**

_____

## **PLAINTIFFS' REPLY MEMORANDUM IN**
## **SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT**

COME NOW the Plaintiffs, by counsel, and for their reply memorandum in support of

their Motion to Amend Complaint, they state as follows:

## ARGUMENT

Defendants raise two arguments in opposition to Plaintiffs' motions for leave to file their Amended Complaints: (a.) that the results of the Rule 12(b)(6) motion in *Chatter* and *Banks* should also govern the outcome in these cases; (b.) that because the class definitions proposed in the Amended Complaints would commence on the date the individual complaints were filed, the filing of the proposed Amended Complaints would be futile in the face of a statute of limitations defense. Separately, Defendants also ask the Court to stay consideration of these motions pending a decision on their collateral motions in *Chatter* and *Banks*.

The first and the third of these positions are the easiest to address. Plaintiffs have asked that these cases be consolidated. They certainly understand and agree that the outcome of a dispositive motion in one case will govern the outcome of the same motion against the same facts and claim in all of these related cases. Plaintiffs have in fact already offered such an agreement to Defendants' counsel. Defendants refused such an offer because they wanted to also reserve the right to file a post-disposition opposition to amendment. They of course have not now obtained leave to do so. The motion to amend is fully briefed and prepared for argument. The same is true for the request for a stay made at the end of Defendants' present briefs. Further, this motion has been addressed in Plaintiffs' separate brief opposing the Motion to Stay Plaintiffs' Motion for Consolidation.

Defendants' remaining argument is as to futility based on the possible application of a statute of limitations defense to the that part of any putative class pled in the Amended Complaints based on the date the individual cases were filed, rather than the date of the Motion to Amend. This argument also fails – both substantively and procedurally.

### A.    Rule 12(b)(6) is an Improper Posture to Challenge a Class Definition.

As Defendants' suggest, this Court has explained that a "futility" challenge to a Rule 15(a) Motion to Amend is comparable to a Rule 12(b)(6) motion to dismiss. *Macon v. DuPont*, 3:10CV260, 2011 WL 1838785 (E.D. Va. May 13, 2011) ("A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir.1995) (*citing Glick v. Koenig,* 766 F.2d 265, 268–69 (7th Cir.1985)); *Frank M. McDermott, Ltd. v. Moretz,* 898 F.2d 418, 420–21 (4th Cir.1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under [Rule] 12(b)(6).")."

In this instance, Defendants argue that the filing of the Amended Complaints would be futile because, "Plaintiffs allege *class claims* that relate back to the 'filing of the *original* Complaint in this matter.' " (Def. Mem. at 2). Developing their argument more fully, Defendants are really arguing: *If the Amended Complaint is filed, Defendants would file a Rule 12 motion against the parts of each class for whom the statute of limitations would have expired before the date the Plaintiffs moved to amend and add class claims.* However, what is more correct procedurally is the statement that, *If the Amended Complaint is filed, when the Plaintiffs move to certify a class, their class definition would be to broad because the statute of limitations would have been tolled only for the part of the class for whom a claim accrued after the date the Plaintiffs sought to amend to add class claims.* Plaintiffs address the merits of this position below. However, in either circumstance, Defendants' present argument is procedurally premature. A Rule 12(b)(6) motion is not a proper posture at which to challenge class allegations.

The issue of whether are properly brought on a class basis is for determination under Fed. R. Civ. P. 23, and are not commonly the proper subject of a Rule 12 motion.  Rather than waste the Court's attention with an elongated discussion of this issue, Plaintiffs' position is sharply stated in a recent comparable decision involving present plaintiffs' counsel in the Eastern District of Pennsylvania.  United States District Judge Dubois, a well-respect jurist, explained in denying the FCRA defendant's Motion to Dismiss:

> "In rare cases where it is clear from the complaint itself that the requirements for maintaining a class action cannot be met, a defendant may move to strike the class allegations before a motion for class certification is filed." *NBL Flooring, Inc. v. Trumball Ins. Co.,* No. 10–4398, 2011 WL 4481918, at *1 (E.D.Pa. Sept. 27, 2011). However, district courts within the Third Circuit typically conclude that motions to strike class action allegations filed before plaintiffs move for class certification are premature. *See Valentin,* 2011 WL 5127850, at *3–4. As another court in this District observed,
> [a] motion to strike class allegations under Rule 23(d)(4) seems, for all practical purposes, identical to an opposition to a motion for class certification. Several district courts have held that Rule 23(d)(4) motions to strike class allegations are premature and that the proper avenue is to oppose the plaintiff's motion for class certification. *Korman v. Walking Co.,* 503 F.Supp.2d 755, 762 (E.D.Pa.2007) (citations omitted); *see also Martin v. Ford Motor Co.,* 765 F.Supp.2d 673, 680–81 (E.D.Pa.2011); *NBL Flooring,* 2011 WL 4481918, at *1; *Mills v. Serv. First Credit Union,* No. 4:11–CV–686, 2011 WL 3236313 (M.D.Pa. July 28, 2011); *Vlachos v. Tobyhanna Army Depot Fed. Credit Union,* No. 3:11–CV0060, 2011 WL 2580657 (M.D.Pa. June 29, 2011). This is because, "to determine if the requirements of Rule 23 have been satisfied, a district court must conduct a 'rigorous analysis,' [in which it] 'may delve beyond the pleadings to determine whether the requirements for class certification are satisfied.' " *Landsman & Funk PC v. Skinder–Strauss Assocs.,* 640 F.3d 72, 93 (3d Cir.2011) (quoting *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 309, 316 (3d Cir.2008)). Discovery and full briefing on the merits of class certification are typically required to conduct this "rigorous analysis." *See Valentin,* 2011 WL 5127850, at *4; *NBL Flooring,* 2011 WL 4481918, at *1; *see also Andrews v. Home Depot U.S.A., Inc.,* No. 03CV5200, 2005 WL 1490474, at *3 (D.N.J. June 23, 2005) (" '[T]he shape and form of a class action evolves only through the process of discovery.' " (quoting *Abdallah v. The Coca–Cola Co.,* No. 1:98CV3679, 1999 WL 527835, at *1 (N.D.Ga.1999))). Thus, it is "rare" for a court to strike class allegations prior to discovery. *Valentin*, 2011 WL 5127850, at *5; accord *NBL Flooring*, 2011 WL 4481918, at *1.

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 82 Fed. R. Serv. 3d 1176 (E.D. Pa.

2012).  *See also Rosenberg v. Avis Rent A Car Sys., Inc.*, CIV.A 07-1110, 2007 WL 2213642

(E.D. Pa. July 31, 2007) ("Defendant seizes on Rosenberg's complaint as an opportunity to attack

the merits of the class itself, but that discussion will be appropriate when Rosenberg files his

Motion for Class Certification."); *Beauperthuy v. 24 Hour Fitness USA, Inc.,* 2006 WL 3422198

(N.D.Cal. Nov. 28, 2006); *Chong v. State Farm Mut. Auto. Ins. Co.,* 428 F.Supp.2d 1136, 1146-

47 (S.D.Cal.2006) ("Defendant ... moves to strike Plaintiff's class allegations.... Plaintiff counters

and, in an opposition that reads like a motion for class certification, argues that her class

allegations meet the standard set forth in the Federal Rules of Civil Procedure. Both parties are

getting ahead of themselves.").

  The inappropriateness of this argument is highlighted by the lack of any substantive

analysis or discussion as to which claims would face a statute of limitations defense and why.

And as discussed below, the substance of a limitations defense is best left to the class

certification and merits stage of the case as there are a number of issues of fact that will inform

this question.  For example, when did the statute begin to run for each specific cause of action?

For what period and for whom was the tolling agreement between Plaintiffs and Defendants in

effect?  What is the evidentiary basis for equitable tolling?  If the claims of part of the class have

expired, what is the class definition that the Court should certify?  All of these questions come

later.  And as of today, no Rule 23 motion has been filed and none of the individual claims of the

named Plaintiffs have expired.

  **B.**  **On the Merits, the Court could find that the claims of class members relate**

**back to the original Complaint.**

Defendants' Rule 15 argument is also wrong on its merits.  It sounds intuitive – a putative class member is not a Plaintiff until a class is pled and thus tolling cannot start until that happens.  But that is not the law.  It is the opposite of the law.  And that position ignores the fact specific "equitable tolling" inquiries dictated by Rule 15.

Defendants cite and rely on the unremarkable tolling doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), to construct a statute of limitations argument that has no application to this case and is no bar to certification of the class as now proposed.  Two principal flaws undermine this argument.  The first is its assumption that Plaintiffs would rely on *American Pipe* and its tolling doctrine.  They would not.  There is absolutely no basis for *American Pipe* tolling in this case nor any need to assert it.  Defendants' objection to class certification because of the inapplicability of *American Pipe* is in short a red herring, a diversion of their own making.

The other critical flaw is Defendants' unexamined linchpin assumption that the any statute of limitations for the class claims commenced before the filing of the Amended Complaint.  Defendants' stated basis for this assumption is that the Amended Complaint was the first time plaintiffs attempted to assert a class claim.  While it is of course true that Plaintiffs raised the class claims for the first time in the Amended Complaints, Defendants' assumption that the class limitations period is measured from that filing is simply incorrect.

The established principles of Rule 15(c) recognize that an amended pleading "relates back to the original pleading."  These tenets apply equally here: "an individual plaintiff may be permitted to amend his complaint to include a class of plaintiffs under the relation back theory [of] Rule 15(c) of the Federal Rules of Civil Procedure."  *Sokolski v. Trans Union Corp.*,  178 F.R.D. 393, 395 (E.D.N.Y. 1998) (Rejecting the defendant's statute of limitations defense in

FDCPA case since the amended class complaint related back to the original complaint raising only individual claims); *see also, Paskuly v. Marshall Field & Co.*, 646 F.2d 1210, 1211 (7th Cir. 1981), *affirming* 494 F.Supp. 687 (D.C.Ill. 1980) (same) ("In her amended complaint, plaintiff alleges that the claims of the class arose from the same employment practices from which her individual claim arose. The amended pleading therefore 'relates back' to the date of the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure, which preserves the amended complaint from operation of the 90-day limitations period of Title VII, 42 U.S.C. s 2000e-5(f). *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709 (E.D.Pa.1977); *see also Badillo v. Central Steel & Wire Co.*, 495 F.Supp. 299 (N.D.Ill.1980); *Harshaw v. Pan American World Airlines*, 70 F.R.D. 462 (D.D.C.1975); *Silverman v. Lehigh University*, 19 FEP Cases 983 (E.D.Pa.1976).")[1]  As Wright & Miller explains:

> Although Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. *As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense.*

FPP, § 1501 Relation Back of Amendments Changing Parties—New Plaintiffs, 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.) (emphasis added).  Allowing an amendment to relate back under Rule

---

[1] By not addressing Rule 15(c), Defendant may believe that *American Pipe* tolling and the relation back doctrine are co-extensive or otherwise linked.  However, an amended class action complaint is not time-barred and may relate back to the initial pleading even if *American Pipe* class tolling is not available.  *Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 856-59 (9th Cir. 2002) (Finding that tolling could not continue once class certification was denied, and thus the new claims would be time-barred, but that the claims in the amended complaint were nevertheless timely because they related back to the original complaint).

15(c) is proper "when the status of the original plaintiff and a liberal reading of the complaint apprise defendant of the existence of the additional plaintiff's existence and claims," or "if the defendant has had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue." *Andujar v. Rogowski,* 113 F.R.D. 151, 158 (S.D.N.Y.1986). "The principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party by the general fact situation alleged in the original pleading." *In re Chaus Sec. Litig.,* 801 F.Supp. at 1264 (quoting *Contemporary Mission Inc. v. New York Times Co.,* 665 F.Supp. 248, 255 (S.D.N.Y., *aff'd,* 842 F.2d 612 (2d Cir.), *cert. denied sub. nom., O'Reilly v. New York Times Co.,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988) (citation omitted))). The claims of the new putative class "share an 'identity of interests' [where] they are the alleged victims of the same type of conduct." *Paskuly v. Marshall Field & Co.*, 494 F. Supp. 687, 688 (N.D. Ill. 1980) *aff'd,* 646 F.2d 1210 (7th Cir. 1981). "When the complaint timely notifies a defendant of conduct that might result in like claims by other persons not yet joined as plaintiffs, the defendant has the opportunity to prepare a defense and thus is not prejudiced by the addition of a new plaintiff asserting a claim arising out of the same conduct originally alleged." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1043 (N.D. Ill. 2000).

In support of their position, Defendants offer two cited cases. The first, *Smith v. Pennington*, 352 F.3d 884, 894 (4th Cir. 2003), does not address the issues raised in this motion. Instead, the Court of Appeals was considering a different question. The plaintiff in that case had moved for class certification. The motion was denied. Thereafter, a third party moved to intervene in the case to seek the benefit of equitable tolling. That third party appealed when the motion was denied. The Fourth Circuit simply affirmed the District Court's conclusion that when a party moves for class certification upon a specific class definition, that definition

thereafter defines the class.  If you are not in that definition at a Rule 23 posture, tolling does not

apply to you.  *Smith* was not a Rule 15 relation back case.  In fact, the rule is never even

discussed.  Similarly, *Perry v. Beneficial Fin. Co. of New York, Inc.*, 81 F.R.D. 490, 495

(W.D.N.Y. 1979) was considered on a Rule 23 motion, and not at a Rule 12(b)96) posture.   Still,

*Perry* is not helpful to Plaintiffs on this question.  But it concludes contrary to nearly every other

case discovered by Plaintiffs' counsel.[2]  And as offered above, it is as well contrary to multiple

decisions from other districts in the same state and circuit.

Of course, as the conclusions of the Plaintiffs' cited decisions offer, determining whether

or not the Defendants had notice and were unprejudiced will require factual and legal analysis

beyond that possible or attempted in this "futility" or even a Rule 12(b)(6) posture.  The Court

need not today determine whether or not the class definition should be narrowed.  That argument

comes later.

## CONCLUSION

Accordingly, for the reasons stated herein and in Plaintiffs' opening briefs, their motions

for leave to file the Amended Complaints should be granted.

Respectfully submitted,

---

[2] Plaintiffs' counsel would have confidence in stating, "every case" instead of "nearly every case" were it not so late at night.  Still, he could truthfully offer, "*Perry*'s explanation is contrary to every case that Plaintiffs' counsel recalls reading from Westlaw at this writing."

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Robin Ann Abbott
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: rabbottlaw@msn.com

Gary L. Abbott
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Garyabbott9@msn.com

Susan Mary Rotkis
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: srotkis@clalegal.com

Dale Wood Pittman, VSB#15673
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-3368
Facsimile: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC

11

4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

John Chapman Petersen
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: jpetersen@smillaw.com

Matthew James Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
E-mail: matt@clalegal.com

*Counsel for Plaintiffs*

## ***CERTIFICATE OF SERVICE***

I certify that on October 26, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Andrew Biondi
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA 23219
E-mail: abiondi@sandsanderson.com

Andrew Todd Rich
Friedman & MacFadyen, PC
1601 Rolling Hills Drive
Suite 125
Richmond VA 23229
E-mail: trich@fmlaw.com

Cullen Dennis Seltzer
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA  23219
E-mail:  cseltzer@sandsanderson.com

Douglas Pendleton Rucker, Jr.
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA  23219
E-mail:  drucker@sandsanderson.com

*Counsel for Defendants*

                 /s/                
Leonard A. Bennett, VSB 37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601